JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PRESTON NELSON

**DEFENDANTS**

TransUnion Rental Screening Solutions, Inc.

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Arapahoe County, CO
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vicki Piontek, 951 Allentown Road, Lansdale, PA 19446, 215-290-6444

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | |     28 USC 157 |     3729(a)) |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |     Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |     Liability    ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine     Injury Product | |     New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product     Liability | | ☐ 840 Trademark |     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |     Liability    **PERSONAL PROPERTY** | **LABOR** | | ☒ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending |     Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |     Product Liability    ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) |     Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Property Damage |     Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |     Injury    ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -     Product Liability | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| |     Medical Malpractice |     Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |     Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee |     Income Security Act |     or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |     Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | |     26 USC 7609 |     Agency Decision |
| ☐ 245 Tort Product Liability |     Accommodations   ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | |     State Statutes |
| |     Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |     Other    ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| |    ☐ 560 Civil Detainee - | | | |
| |     Conditions of | | | |
| |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1t USC 1681 et. seq., Fair Credit Reporting Act *(FCRA)

Brief description of cause:
Violation of the FCRA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
11,751.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE         DOCKET NUMBER

DATE   2-22-18

SIGNATURE OF ATTORNEY OF RECORD   Vicki Piontek

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **6932 Reedbird Place, Philadelphia, PA 19142**

Address of Defendant: **6430 S. Fiddlers Green Circle, # 500, Greenwood Village, CO 80111**

Place of Accident, Incident or Transaction: **Arapahoe County, CO and Philadelphia County, PA**

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

   Yes ☐   No ☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Vicki Piontek** , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs; **NA**

☐ Relief other than monetary damages is sought. **NA**

                                      **83559**

DATE: _____     _____     _____

                     Attorney-at-Law                      Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **3-16-18**     *Vicki Piontek*     **83559**

                     Attorney-at-Law                      Attorney I.D.#

CIV. 609 (6/08)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

PRESTON NELSON                                  :                    CIVIL ACTION
                                                :
              v.                                :
                                                :
TransUnion Rental Screening Solutions, Inc.     :         NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)


2 – 22-18                 Vichi Piontch               Plaintiff
_____          _____      _____
Date                      Attorney-at-law             Attorney for
877-737-8617              866-408-6735                palaw@justice.com
_____          _____      _____
Telephone                 FAX Number                  E-Mail Address


(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Preston Nelson                                        :
6932 Redbird Place                                    :
Philadelphia, PA  19142                               :
                              Plaintiff               :
v.                                                    :
TransUnion Rental Screening Solutions, Inc.           :
6430 South Fiddlers Green Circle, Suite 500           :
Greenwood Village, CO 80111                           :     Jury Trial Demanded
                              Defendant               :

## **COMPLAINT**

1. This is a lawsuit for damages brought by an individual consumer for Defendant's alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

2. Plaintiff is Preston Nelson, an adult individual with a current address of 6932 Redbird Place, Philadelphia, PA  19142.

3. Defendant(s) is TransUnion Rental Screening Solutions, Inc., with a business address including but not limited to 6430 South Fiddlers Green Circle, Suite 500, Greenwood Village, CO 80111.

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate
Credit Transactions Act, 15 USC 1681 et. seq.
Failure to Redact First Five Digits of Plaintiff's Social Security Number**

4.  All previous paragraphs of this complaint are incorporated by reference.

5.  At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

6.  At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

7.  At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a
    (c).

8.  At all times mentioned in this Complaint, Defendant(s) maintained a "file" on Plaintiff as
    defined by 15 USC 1681(a)(d) et. seq.

9.  At all times mentioned in this Complaint, Defendant(s) was acting as a "consumer
    Reporting Agency" (CRA) as defined by 15 USC 1681a(f) as follows.

10. On or about the following dates Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer file which was maintained by Defendant(s). Each time that Plaintiff requested Plaintiff's file disclosure from Defendant, Plaintiff requested in writing that Defendant(s) redact the first five digits of Plaintiff's consumer disclosure. See attached exhibits.

    a.     12/29/2016

11. Pursuant to 15 USC 1681g (a)(1)(A), Defendant(s) was / were required to redact the first five digits of Plaintiff' Social Security number on Plaintiff's disclosure because Plaintiff specifically requested Defendant(s) to do so at the time that Plaintiff requested the consumer report from Defendant(s).

12. Defendant was required to redact Plaintiff's Social Security number on the disclosure even though the consumer report was given directly to the consumer, and not intended to be accessed by any third party.

13. Said redaction requirement was part of the Fair and Accurate Credit Transaction Act (FACTA) of 2003.

14. The legislative purpose of such redaction requirement was to protect the consumer's privacy and Social Security Number from third parties and / or dumpster divers who might view the consumer's Social Security Number information on the consumer report.

15. Such legislative purpose is also exemplified in 15 USC 1681c(g), which was also part of the FACTA of 2003. 15 USC 1681c (g) requires merchants to redact all but the last 5 digits of a consumers' bank or credit card number on a receipt at the point of sale. Even the expiration date must be redacted. This is true even when such receipt is given directly to the consumer, and not intended to be accessed by any third party.

16. The purpose of 15 USC 1681c (g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

17. 15 USC 1681c (g) and 15 USC 1681g (a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

18. On or about the following dates, Defendant sent Plaintiff consumer disclosures that did not have the first five digits of Plaintiff's Social Security number redacted. Plaintiff's full Social Security number was conspicuously printed by Defendant on Plaintiff's consumer disclosure on or about the following dates.

    a.    1/23/2017

19. Defendant(s) breached its duty to Plaintiff under 15 USC 1681g (a)(1)(A) by failing to redact the first five digits of Plaintiff's Social Security Number on Plaintiff's consumer disclosure after having been specifically requested in writing by Plaintiff to do so.

## LIABILITY

20. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

21. It is believed and averred that the acts committed by Defendant(s'), were willful, wanton, and intentional.

22. Defendant is liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant(s).

23. In the alternative, Defendant is liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

24. Any mistake made by Defendant would have included a mistake of law.

25. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

## JURISDICTION

26. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

27. The previous paragraphs of this Complaint are incorporated by reference.

28. Defendant may be personally served in this jurisdiction because Defendant regularly conducts business in this jurisdiction, and avails itself of the market forces in this jurisdiction.

29. This Court has federal question jurisdiction pursuant to 28 USC 1331-1337 et. seq. and 15 USC 1681 et. seq.

30. A plaintiff invoking Federal jurisdiction under Article III of the U.S. Constitution bears the burden of showing a "concrete injury" or a "concrete harm"  See Spokeo v. Robbins U.S. Supreme Court Opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), quoting Lujan v. Defenders of Wildlife, 504 U. S. 555 (1992).

31. In order to demonstrate a "concrete harm" plaintiff must show that he or she suffered "an invasion of a legally protected interest."

32. A "concrete" injury need not be a measurable or "tangible" injury. Although tangible injuries are perhaps easier to recognize, intangible injuries can nevertheless be concrete. See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), and quoting Pleasant Grove City v. Summum, 555 U. S. 460 (2009). Also see Spokeo v. Robbins U.S. Supreme Court concurring Opinion of the Honorable Justice Clarence Thomas, 13-1119 (2016).

33. To determine if an injury is "concrete," the judgment of Congress is not dispositive, but is instructive. Congress is well positioned to identify intangible harms that meet minimum Article III requirements. The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. See Spokeo v. Robbins U.S. Supreme Court opinions of the Honorable Justice Samuel Alito and the Honorable Clarence Thomas, 13-1119 (2016).

34. Congress can create new private causes of action to vindicate private or public rights, and can authorize private plaintiffs to sue based simply on the violation of those private rights. A Plaintiff seeking to vindicate a statutorily created private right need not allege actual harm beyond the invasion of that private right; see Spokeo v. Robbins, 13-1119 (2016), Opinion of the Honorable Justice Clarence Thomas quoting Warth v. Seldin, 422 U. S. 490, 500 (1975) and also quoting Havens Realty Corp. v. Coleman, 455 U. S. 363, 373–374 (1982).

35. Congress envisioned the need to provide consumers the tools to research, guard and assist in maintaining their personal data gathered and distributed by consumer reporting agencies such as Defendant(s) in this case.  One of those tools is the ability to safeguard one's personal identity by instructing a consumer reporting agency to redact  the first five digits of the consumers Social Security number on a consumer disclosure, pursuant to 15 USC 1681g et. seq.

36. Even the risk of a harm, not yet manifested can be a "concrete harm."  See Spokeo v. Robbins U.S. Supreme Court opinion of the Honorable Justice Samuel Alito, 13-1119 (2016).  Plaintiff's risk of harm in having Plaintiff's Social Security number compromised is a "concrete harm" as referred to in the Spokeo decision.

37. Plaintiff suffered an actual concrete injury when Defendant repeatedly and willfully refused to redact the first five digits of Plaintiff's Social Security number on Plaintiff's consumer disclosure.

38. Plaintiff regularly and continuously monitors the information in Plaintiff's consumer file maintained by Defendant because Plaintiff believes that it is wise for Plaintiff to do so as a consumer.

39. Plaintiff reasonably believes and avers that Plaintiff will be continually subject to
Defendant's unlawful business practices in the future. Plaintiff please that Defendant
will continue to refuse to properly redact Plaintiff's Social Security number on Plaintiff's
consumer disclosure every time Plaintiff seeks to monitor Plaintiff's consumer file and
obtain a disclosure.

40. Plaintiff should not be forced to choose between monitoring Plaintiff's own consumer file
and identity and obtaining his consumer disclosure.

41. Plaintiff has suffered a concrete harm by Defendant's willfully and repeated unlawful
business practice of refusing to properly redact Plaintiff's consumer disclosure.

42. A key factor that the Court should apply in determining Defendant's actions to be a
"concrete harm" should be the willful nature of Defendant's conduct and Defendant's
blatant and flagrant refusal to give Plaintiff a copy of Plaintiff's consumer file.

43. Defendant's flagrant flaunting of the law of both 15 USC 1681g and 15 USC 1681j was
willful and dangerous thus manifesting a "concrete harm" to Plaintiff. Because of
Defendant's willful refusal to comply with the redaction provisions of 15 USC 1681g et.
seq. Plaintiff has been deprived of the ability to safely monitor Plaintiff's consumer file
on a regular basis. Defendant has put Plaintiff in a constant state of risk of unauthorized
third parties obtaining Plaintiff's consumer disclosure, not redacted.

44. Defendant's flaunting of the law puts Plaintiff at a continued a repeated risk of identity theft by printing Plaintiff's entire Social Security number on Plaintiff's consumer disclosure which could be mis-delivered, intercepted or seen by unauthorized third parties.

45. No rational interpretation of Article 3 of the U.S. Constitution or the aforementioned Spokeo Decision. would allow for a CRA to withhold pertinent information required under 15 USC 1681a from a consumer, and then simply claim that there was no standing under Article 3.

## VENUE

46. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

47. The previous paragraphs of this Complaint are incorporated by reference.

48. Venue is proper in this District pursuant to 28 USC 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this jurisdiction.

   a.   Plaintiff mailed Plaintiff's requests Plaintiff's consumer disclosures from this jurisdiction.  Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

   b.   Defendant mailed the objectionable consumer disclosures with Plaintiff's full Social Security number improperly printed to this jurisdiction.  Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

   c.   A substantial amount of the information contained in Plaintiff's consumer file and on Plaintiff's consumer disclosure pertained to this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

d.    A substantial amount of the information contained in Plaintiff's consumer file and on Plaintiff's consumer disclosure was compiled in this jurisdiction. Therefore a substantial portion of the events or omissions leading up to this cause of action occurred in this jurisdiction.

e.    Plaintiff's attorney's fees in this fee shifting case, pursuant to 15 USC 1681n, occurred in this jurisdiction.  Therefore a substantial portion of the events giving rise  this cause of action occurred in this jurisdiction.

f.    Plaintiff's suffered frustration and emotional distress which is recoverable pursuant to 15 USC 1681n as a result of Defendant's omissions.  Therefore a substantial portion of the omissions giving rise this cause of action occurred in this jurisdiction.

49. Venue is proper in this jurisdiction because key witnesses involved in the case are located at or near this jurisdiction.  Such witnesses including but not limited to the following.

    a.     Plaintiff.

    b.     Similarly situated consumers in this jurisdiction whose rights were also violated by Defendant in a similar manner when such consumers requested their consumer disclosures and requested that the first 5 digits of their Social Security numbers be redacted from their disclosures, and Defendant did not properly redact the consumers' Social Security numbers on the disclosures. Such witnesses' testimonies are relevant to show willful conduct by Defendant.

## DAMAGES

50. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

51. Plaintiff believes and avers that Plaintiff is entitled to at least $1.00 actual damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

52. Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory damages pursuant to 15 USC 1681 et. seq..

53. Plaintiff believes and avers that Defendant's conduct was willful, wanton, and intentional, and therefore Plaintiff requests punitive damages.

54. Plaintiff believes and avers that punitive damages are warranted due to the willful and wanton nature of the violation as evidenced by the following.

   a.   Plaintiff's request letters specifically asked that Plaintiff's Social Security number be redacted, the request letters were in 14 point bold font.

b.    Numerous other similarly situated consumers, totaling more than 10, were also subject to similar misconduct by Defendant. Their un-redacted Social Security numbers were also illegally printed by Defendant(s) in the same manner and under similar circumstances as with Plaintiff.

c.    Upon information and belief, at all relevant times mentioned in this Complaint Defendant had no policy in effect to redact the first five digits of Social Security number of consumers when asked by the consumers.

55. Plaintiff requests Punitive damages in an amount to be determined by this Honorable Court.

56. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $9,000 because Defendant(s') actions have the effect of potentially compromising the integrity and security of Plaintiff's personal information.

## ATTORNEY FEES

57. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

58. Plaintiff is entitled to attorney fees pursuant to 15 USC 1681 et. seq., in the amount of $1,750.00 at a rate of $350.00 per hour, enumerated below.

| | | |
|---|---|---|
| a. | Consultation with client and review of complaint | 1 |
| b. | Drafting, editing, review, filing and service of complaint and related documents | 2 |
| c. | Follow up contact with Defense and client | 2 |

$$5 \times \$350 = \$1,750$$

59. Plaintiff's attorney fees continue to accrue as the case move forward.

60. The above stated attorney fees are for prosecuting this matter and reasonable follow up.

## OTHER RELIEF

61. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

62. Plaintiff seeks and Order from this Honorable Court, or other Court of competent jurisdiction, directing Defendant(s) to provide Plaintiff with her credit report once per year, free of charge.

63. Plaintiff demands a jury trial in this matter

64. Plaintiff seeks such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant in the amount of no less   than $11,751.00 as enumerated below, or such other amount determined by this Honorable Court.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1692k et. seq.

$1,750.00 attorney fees

$9,000 punitive damages

_____

$11,751

Plaintiff seeks such additional relief as the Court deems just and proper.

Vicki Piontek, Esquire          3/10/2018
                                Date
Vicki Piontek, Esquire
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA  19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

# EXHIBITS

Preston Nelson
6932 Redbird Place
Philadelphia, PA  19142

TransUnion Rental Screening Solutions, Inc.
6430 South Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111

**RE:  Preston Nelson     SSN:** ▮▮▮▮▮▮▮     **DOE:** ▮▮▮▮▮▮▮

To Whom it May Concern:

    I would like to request a copy of my consumer report.  I would like all information contained in my file.

    I would like the name, address and telephone number of every person or entity to whom you provided a consumer report about me I the last 365 days.  This includes both users and end users.

    **Please redact the first five digits of my Social Security number on my consumer report.  Please do not print the first five digits of my Social Security number on my consumer report.**

    Enclosed please find a copy of my photo ID.

    Thank you.

Sincerely,

*Preston Nelson*     12-29-16
Preston Nelson          Date



# TransUnion.

**TransUnion Rental Screening Solutions**
PO Box 800
Woodlyn, PA 19094

P6K0IN00100046

January 23, 2017

**Preston Nelson**
**6932 Reed Bird Place**
**Philadelphia, PA 19142**



**Dear: Preston Nelson**

**Your request for a copy of your consumer report was received on January 23, 2017. We have completed processing the details of your request.**

**Enclosed is a copy of your criminal and civil court history as possessed by TransUnion Rental Screening Solutions, LLC, a subsidiary of TransUnion, LLC. The criminal and civil court history enclosed was found matching your personal identifying information as of the date of this letter.**

**TransUnion Rental Screening Solutions, LLC does not retain continuous access to consumer credit reports. In order to receive a current, up-to-date copy of your consumer credit report, you must request a free copy of this report directly from the credit bureau(s). The contact information for all three bureaus (Experian, Equifax, and TransUnion) is listed below:**

**Equifax: 1-800-685-1111**
**Experian: 1-888-397-3742**
**TransUnion: 1-800-888-4213**

**Alternatively, you may also obtain a free copy of your consumer credit report from all three bureaus by accessing www.annualcreditreport.com.**

All data provided by hereunder is intended solely for the customer who initially receives such data directly from TransUnion Rental Screening Solutions, Inc. and/or one of its subsidiaries or affiliates (collectively "TURSS"). TURSS DOES NOT GUARANTY OR WARRANT THE ACCURACY, CORRECTNESS, OR COMPLETENESS OF THE DATA. TURSS DELIVERS ALL DATA TO CUSTOMERS ON AN "AS IS" "AS AVAILABLE" BASIS WITHOUT ANY EXPRESS OR IMPLIED WARRANTY, GUARANTY, OR REPRESENTATION OF ANY KIND CONCERNING THE DATA ITSELF, ITS MERCHANTABILITY, OR ITS FITNESS FOR A PARTICULAR PURPOSE OR FUNCTION. TURSS SHALL NOT BE LIABLE IN ANY MANNER FOR ANY CLAIMS, LOSSES, EXPENSES OR DAMAGES OF WHATEVER KIND THAT MAY ARISE OUT OF OR RESULT FROM A CUSTOMER'S RELIANCE ON (OR USE OF) THE DATA PROVIDED BY TURSS, EVEN IF TURSS HAS BEEN ALERTED TO THE POSSIBILITY OF SUCH CLAIMS, LOSSES, EXPENSES OR DAMAGES. BY ACCESSING ANY SUCH DATA, THE CUSTOMER ACKNOWLEDGES AND AGREES THAT THE CUSTOMER HAS NOT RELIED ON ANYTHING THAT MAY BE INCONSISTENT WITH THIS LEGAL STATEMENT.

The information contained in this telecopy message is confidential and is intended for the exclusive use of the individual or entity named above and may contain information that is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error please immediately notify us by telephone to arrange its return. Thank you.



**TransUnion Rental Screening Solutions**
PO Box 800
Woodlyn, PA 19094

If you find that any information contained in the criminal and civil court history reports enclosed is inaccurate or incomplete, you have the right to dispute the matter by contacting Customer Support at 1-800-230-9376 or TURSSDispute@transunion.com.

Sincerely,

**Consumer Relations**
**TransUnion Rental Screening Solutions, LLC**

All data provided by hereunder is intended solely for the customer who initially receives such data directly from TransUnion Rental Screening Solutions, Inc. and/or one of its subsidiaries or affiliates (collectively "TURSS"). TURSS DOES NOT GUARANTY OR WARRANT THE ACCURACY, CORRECTNESS, OR COMPLETENESS OF THE DATA. TURSS DELIVERS ALL DATA TO CUSTOMERS ON AN "AS IS" "AS AVAILABLE" BASIS WITHOUT ANY EXPRESS OR IMPLIED WARRANTY, GUARANTY, OR REPRESENTATION OF ANY KIND CONCERNING THE DATA ITSELF, ITS MERCHANTABILITY, OR ITS FITNESS FOR A PARTICULAR PURPOSE OR FUNCTION. TURSS SHALL NOT BE LIABLE IN ANY MANNER FOR ANY CLAIMS, LOSSES, EXPENSES OR DAMAGES OF WHATEVER KIND THAT MAY ARISE OUT OF OR RESULT FROM A CUSTOMER'S RELIANCE ON (OR USE OF) THE DATA PROVIDED BY TURSS, EVEN IF TURSS HAS BEEN ALERTED TO THE POSSIBILITY OF SUCH CLAIMS, LOSSES, EXPENSES OR DAMAGES. BY ACCESSING ANY SUCH DATA, THE CUSTOMER ACKNOWLEDGES AND AGREES THAT THE CUSTOMER HAS NOT RELIED ON ANYTHING THAT MAY BE INCONSISTENT WITH THIS LEGAL STATEMENT.

The information contained in this telecopy message is confidential and is intended for the exclusive use of the individual or entity named above and may contain information that is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error please immediately notify us by telephone to arrange its return. Thank you.

Criminal Report - Detailed Results

Applicant Information Submitted
Name:                    Preston Nelson
Date of Birth:
SSN:
Address:

Place, Philadelphia, PA, 19142

## PRESTON NELSON

Last Updated Date: 2017-01-05

DOB:              Age:        SSN: N/A

Residence: N/A

### Aliases
No aliases found

### Physical Features
Physical Details
Sex: M                    Race: Black
Person Physical Features
No physical features listed

### Summary

| Incident(s): 0 | Booking(s): 0 |
|---|---|
| Arrest(s): 0 | Court Action(s): 1 | Sex Lookup(s): 0 |
| Supervision(s): 0 | | |

### Comments

The data or information provided is based upon information received by the Administrative Office of Pennsylvania Courts ("AOPC"). AOPC makes no representation as to the accuracy, completeness or utility, for any general or specific purpose, of the information provided and as such, assumes no liability for inaccurate or delayed data, errors or omissions. Use of this information is at your own risk. AOPC makes no representations regarding the identity of any persons whose names appear in the records. User should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained. Electronic case record information received from the Commonwealth of Pennsylvania is not an official case record; official case records are maintained by the court in which the record was filed.

000061
PHGNE01D0085